IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA LUSEGA,

        Plaintiff,

v.

ALBRECHT & ALBRECHT, INC., and
DOROTHY ALBRECHT,

        Defendants.

CIVIL ACTION NO.
1:06-CV-0809-JEC

## ORDER & OPINION

This case is presently before the Court on Defendants' Motion for Attorney Fees [31]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendants' Motion for Attorney Fees [31] should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Felicia Lusega ("plaintiff"), sued her employer, Albrecht & Albrecht, Inc., and its principal, Dorothy Albrecht, for race discrimination, harassment, and retaliation under 42 U.S.C. § 1981. (Order Granting Summary Judgment ("Summ. J. Order") [29] at ¶ 1.) She was ultimately unsuccessful, and defendants now seek attorneys' fees for the costs of defending the suit.

Defendants own a childcare center known as Kids Unlimited. (Plaintiff's Statement of Facts ("Pl.'s Facts") [23] at ¶ 8; Lusega Dep. at 25.) In 1999, Kids Unlimited hired plaintiff as a pre-kindergarten assistant. (Defendants' Statement of Undisputed Material Facts ("Defs.' Facts") [22] at ¶ 1.) Plaintiff has received several promotions and raises since she was hired in 1999 (*Id.* at ¶¶ 2-3), and is currently still employed at Kids Unlimited as the Business Manager. (Pl's Facts [23] at ¶ 7.)

Although the above summary suggests that plaintiff's business relationship with Kids Unlimited has been positive, according to plaintiff it has not been so. Plaintiff filed this discrimination and retaliation suit in April, 2006. (Compl. [1] at ¶¶ 11-13.) In her complaint, plaintiff indicates she is African-American and she alleges that, between 2005 and 2006, she was subjected to racial harassment and retaliation while employed at Kids Unlimited. (Defs.' Facts [22] at ¶ 1.) On July 30, 2007, this Court granted Defendants' Motion for Summary Judgment [29] on plaintiff's claims of hostile work environment and retaliation (Summ. J. Order [29] ¶ 1.) Plaintiff did not appeal.

As the prevailing party, defendants moved for attorneys' fees under 42 U.S.C. § 1988 on August 14, 2007. (Defs.' Mot. for Att'y Fees [31].) Defendants seek approximately twenty thousand dollars ($20,000) in attorneys' fees. (*Id.* at ¶ 9.)

2

AO 72A
(Rev.8/82)

**DISCUSSION**

I. <u>Attorneys' Fees to the Prevailing Defendant</u>

Attorneys' fees may be awarded to the prevailing party in a § 1981 case under 42 U.S.C.A. § 1988. *Hughes v. Rowe*, 449 U.S. 5 (1980). Attorneys' fees are awarded as a matter of course to a successful plaintiff, but strong equitable considerations dictate that a more stringent standard be applied when awarding attorneys' fees to a prevailing defendant. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). (*Id.* at 418-20.) A defendant will not be awarded attorneys' fees simply because it prevailed in court. (*Id.* at 418.) Attorneys' fees may be awarded to a prevailing defendant only if the "court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes*, 449 U.S. at 14 (1980). Evidence of bad faith is not necessary in determining that a claim is frivolous, but it may be considered. *Christiansburg Garment Co.*, 434 U.S. at 419.

As noted, to prevail on their claim for attorneys' fees, the defendants must establish that the case brought against them was so lacking in arguable merit as to be groundless or without foundation. *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981).[1]

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v.*

3

Defendants may not rely on the ultimate success of the case, and the court must resist the "understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Sayers v. Stewart Sleep Center, Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998). The fact that the motion for summary judgment was granted does not necessarily mean that plaintiff's action was frivolous. *O'Neal v. DeKalb County, Ga.*, 850 F.2d 653, 658 (11th Cir. 1988). Nor does a weak claim necessarily make the claim frivolous. *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Courts apply the three-factor test set out in *Sullivan v. School Board of Pinellas County* to determine whether a claim is frivolous. *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). The three factors include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. (*Id.*) These factors are not meant to be dispositive. (*Id.*) The court instead must analyze the facts of each case to determine if a claim is frivolous. (*Id.*)

---

*City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

## II. Lusega's Discrimination Claim is not Frivolous.

Although defendants won summary judgment on plaintiff's discrimination claim, they cannot rely solely on that success in their claim for attorneys' fees. Defendants must prove the claim was frivolous in order to show they are entitled to attorneys' fees. *Christiansburg Garment Co.*, 434 U.S. at 421-22. They cannot meet that burden here.

Plaintiff alleged that she was subjected to a hostile work environment at Kids Unlimited. (Compl. [1] at ¶¶ 11-13.) To succeed on this claim, plaintiff needed to show that: (1) she belonged to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was severe and pervasive; and (5) there was a basis for holding the defendant liable for the environment. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

In support of her claim, plaintiff alleged that between 2005 and 2006, she: (1) heard co-workers discussing topics she perceived to be racially discriminatory; (2) was frequently made fun of for her accent and pronunciation of words; and (3) was called a "piss off factor" by defendant Albrecht. (Lusega Dep. at 79, 88, 91, 107-113.) Plaintiff also alleged that two specific incidents of discrimination occurred in 2006, which contributed to the hostile work environment. (*Id.* at 81, 87, 105-106.) First in January, 2006, plaintiff

5

overheard defendant Albrecht say to one of the plaintiff's co-workers, "You need to tell Claire you're not her nigger." (*Id.* at 81.) Plaintiff asked defendant Albrecht to repeat the statement, which she did. Defendant Albrecht then said: "Ooh. Look what you made me say." (*Id.* at 81.) Second, in March of 2006, plaintiff contended that a co-worker, Cindy Abernathy, placed two chocolate doughnut holes on her breasts and said to a third co-worker and Albrecht, "Does this remind you of anything?" (*Id.* at 87, 105-106.)

The Court must first consider whether, on the facts above, plaintiff established her prima facie case. *Sullivan*, 773 F.2d at 1189. In the summary judgment Order, this Court found that she did not. (Summ. J. Order [29] at ¶ 1.) We held that plaintiff had failed to establish the necessary elements for a claim of hostile work environment. (*Id.*) The fact that plaintiff lost on summary judgment does not, however, automatically require an award of attorneys' fees. *O'Neal*, 850 F.2d at 658. The Court in *Hughes* stated that, "even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." *Hughes*, 449 U.S. at 15. The individual facts of the case must determine if the claim is frivolous. *Sullivan*, 773 F.2d at 1189. The court must ask whether plaintiff had any reasonable foundation on which she could reasonably believe she had a claim. (*Id.*)

AO 72A
(Rev.8/82)

Plaintiff's discrimination claim here was admittedly quite weak, but it was not so without circumstantial foundation to be considered frivolous. *Compare, Cordoba,* 419 F.3d at 1181, 1187 (reversing an award of attorneys' fees because "[a]lthough [plaintiff's] case was exceedingly weak . . . it was not so weak as to make it frivolous" and holding that the plaintiff's claims were "pure conjecture," but were not "so without circumstantial foundation as to have been frivolous."). The allegations made were not sufficiently severe and pervasive to be actionable, but the claim itself was not so devoid of merit that it should be considered frivolous or groundless. (Summ. J. Order [29] ¶ 9-15.) *Compare, Cordoba,* 419 F.3d at 1181, 1187. Defendant used a racially charged word, and although it was not directed at plaintiff and defendant apologized afterward, (Lusega Dep. at 81), the use of such a word, in conjunction with the other allegations, surpasses the frivolous standard, albeit barely.

Nor was plaintiff's litigation strategy "stubborn and contentious" as defendants claim. (Defs.' Mot. for Att'y Fees [31] ¶ 8.) (*quoting Atlanta Journal and Constitution v. City of Atlanta Dept. of Aviation*, 442 F.3d 1283, 1290 (holding the defendant's litigation strategy was "stubborn and contentious" where the defendant continued to litigate the issue well beyond the imposition of the preliminary injunction and never conceding that their conduct was improper or that any prong of the injunction ordered by the

7

district court was valid.)  Plaintiff filed the claim, but has not taken any further action since the Court granted defendants' motion for summary judgment.  In addition, there is nothing in the record that suggests that plaintiff harassed defendants or delayed the litigation.

The second *Sullivan* factor does not weigh in either party's favor.  In plaintiff's motion opposing attorneys' fees, plaintiff claimed that defendants offered to settle.  (Plaintiff's Response in Opposition to Defendants' Motion for Attorney Fees ("Opp'n to Att'y Fees") [33] at ¶ 3.) The only evidence offered to support this claim, however, is two letters written by plaintiff's counsel to defense counsel with settlement offers from plaintiff.  (*Id.* at Exhibit B, Exhibit C, and Exhibit D.)  The letters indicate that plaintiff tried to initiate a settlement, but it seems that defendants only offered to mediate. (*Id.* at Exhibit C.)

Courts have refused to consider an offer to settle in either party's favor when the monetary value of the offer is not provided. *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005); *Bonner v. Mobile Energy Serv. Co., LLC*, 246 F.3d 1303, 1305 (11th Cir. 2001.) Here, if any offer was made by defendant, there is no evidence in the record detailing the terms of the offer. (Opp'n to Att'y Fees [33] at Exhibit B, Exhibit C, and Exhibit D.)  Thus, due to the limited correspondence available and the ambiguity surrounding any settlement

8

discussions, the second factor does not weigh in either party's favor.

The third *Sullivan* factor asks whether the case was dismissed before or after a full blown trial on the merits. *Sullivan*, 773 F.2d at 1189. Here, summary judgment was granted prior to trial. (Summ. J. Order [29] ¶ 1.) This weighs in the defendants' favor because it indicates that this Court did not have to give plaintiff's claims much careful consideration before rendering a decision. *Jones*, 656 F.2d at 1146. Therefore, only this one factor clearly weighs in defendants' favor.

After reviewing the *Sullivan* factors and the facts of this case, the Court determines that plaintiff's claim for discrimination was not frivolous. As the court stated in *Cordoba*, this Court finds that "plaintiff's claim [wa]s not without circumstantial foundation as to have been frivolous," even though it may have been a long shot. *Compare, Cordoba,* 419 F.3d at 1187. Thus, defendants do not meet the *Sullivan* standard, and therefore are not entitled to attorneys' fees on this claim. *Christiansburg Garment Co.*, 434 U.S. at 421. Accordingly, defendants' motion for attorneys' fees for the discrimination claim is **DENIED**.

III. **Lusega's Retaliation Claim was Frivolous**.

Plaintiff also asserted a claim for retaliation. (Compl. [1] at ¶¶ 11-13.) To prevail on her § 1981 retaliation claim under Title

9

VII, plaintiff needed to demonstrate that: (1) she engaged in protected conduct; (2) she suffered an adverse action; and (3) a causal connection existed between the two events. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571 (11th Cir. 2000). Plaintiff failed to meet this standard. (Summ. J. Order at ¶ 22.) This does not automatically entitle defendants to attorneys' fees, but the patent deficiency of plaintiff's claim does.

This Court granted defendants' summary judgment motion on the retaliation claim, holding that even if plaintiff could establish that her claimed conduct was protected, she could provide no evidence that defendants took any adverse action against her. (Summ. J. Order [29] at ¶¶ 17-22.) In fact, plaintiff still maintains the same position, with the same salary and benefits, even after the alleged protected conduct occurred. (*Id.* at ¶¶ 20-21.) Furthermore, the plaintiff could not identify any specific duties that were taken away, and she stated that she still continued to enjoy her job and was able to perform at a high level. (*Id.*)

These facts supporting plaintiff's retaliation claim do not survive the test set out in *Sullivan*. *Sullivan*, 773 F.2d at 1189. First, plaintiff failed to establish a prima facie case of retaliation. (Summ. J. Order [29] at ¶¶ 20-21.) In fact, plaintiff's claim of retaliation was not just weak, it was completely unsupported by the evidence. Plaintiff claimed she engaged in

10

protected conduct when she protested defendants' refusal to hire qualified Hispanic employees based on their race. (*Id.*) Plaintiff also suggested that she engaged in protected conduct when she filed this lawsuit. (Lusega Dep. at 43-44.) In the summary judgment Order, the Court noted, however, that even assuming such actions did constitute protected activity, plaintiff failed to produce any evidence that defendants took any adverse action against her. (Summ. J. Order [29] ¶¶ 20-21.) Plaintiff maintained the same position, the same salary, and the same benefits following her comment, and even following her decision to file the lawsuit. (*Id.*) This first factor thus weighs in defendants' favor.

The second element does not weigh in either party's favor because no concrete evidence was presented on any settlement offers. (Opp'n to Att'y Fees" [33] at ¶ 3.) Finally, the third *Sullivan* factor again weighs in favor of defendants because the claim was dismissed before a full-blown trial on the merits.[2] (Summ. J. Order [29] ¶ 1.) Thus, unlike the claim of hostile work environment, the *Sullivan* factors and the facts surrounding this claim demonstrate that the retaliation claim was, in fact, groundless. Accordingly,

---

[2] It is not necessary for this Court to provide a detailed analysis on the second and third *Sullivan* factors because the facts and analysis for both factors are the same here on the retaliation claim as they were for the discrimination claim. See *infra* pp. 7-8.

11

Defendants' Motion for Attorney Fees is **GRANTED** with respect to the retaliation portion of plaintiff's suit.

### IV. Attorneys' Fees May be Apportioned and Awarded for One Frivolous Claim Despite the Denial of Fees for Another Claim.

The Eleventh Circuit has held that attorneys' fees can be awarded to the defendant for a frivolous claim when it is joined with an unsuccessful claim that is not frivolous.[3] *Quintana v. Jenne*, 414 F.3d 1306, 1311-1312 (11th Cir. 2005). In *Quintana*, the plaintiff brought a discrimination claim and a retaliation claim. (*Id.* at 1308.) The district court awarded summary judgment, found that both claims were frivolous, and awarded the defendant attorneys' fees. *Id.* at 1309. The Eleventh Circuit affirmed the award of attorneys' fees for the retaliation claim, but reversed the district court's decision to assess the plaintiff attorneys' fees on the discrimination claim. *Id.* at 1312. The Eleventh Circuit found that the plaintiff had established his prima facie claim, and thus his claim was not frivolous. *Id.* at 1310-11.

The facts in this case dictate the same result. Plaintiff's retaliation claim was frivolous, and therefore defendants are entitled to reasonable attorneys' fees for defending against the retaliation claim. Plaintiff's discrimination claim, however, was

---

[3] The Eleventh Circuit held that its own precedent, a decision of the Supreme Court, and decisions of the First and Seventh Circuits support a holding that an apportionment of fees is permissible.

12

not, and therefore defendants are not entitled to attorneys' fees for that claim. *Hughes*, 449 U.S. at 15-16. Accordingly, the court **DENIES** Defendants' Motion for Attorney Fees for the discrimination claim, but **GRANTS** Defendants' Motion for Attorney Fees for the retaliation claim. Defendants are ordered to prepare an amended fees petition, within **thirty (30) days**, that includes an affidavit from defendants' lead counsel with the requisite time sheets and other documentation addressing the reasonable attorneys' fees incurred in defending plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Attorney Fees [31]. Defendant shall submit its Amended Fee Petition within **thirty (30) days**.

SO ORDERED this 24 day of MARCH, 2008.

/s/ Julie E. Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)